IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ERIC WILSON, #187180, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:15-CV-770-WKW |
| | ) | |
| JEFFERSON S. DUNN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Eric Wilson ("Wilson"), a state inmate, challenging conditions at the Draper Correctional Facility. In the complaint, Wilson seeks class certification, *Complaint - Doc. No. 1* at 5, which the court construes as a motion for class certification under Rule 23, *Federal Rules of Civil Procedure*.

Upon consideration of the motion for class certification, the court concludes that this motion is due to be denied.

Wilson is a *pro se* inmate unschooled in the law who seeks to represent the interests of all inmates incarcerated at Draper. Among the requirements which litigants must meet in order to maintain an action as a class action is that the "representative parties will fairly and adequately protect the interests of the class." Rule 23(a)(4), *Federal Rules of Civil Procedure*. While a *pro se* inmate may "plead and conduct" his own claims in federal court,

28 U.S.C. § 1634, he has no concomitant right to litigate the claims of other individuals. The competence of a layman is "clearly too limited to allow him to risk the rights of others." *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *Hummer v. Dalton*, 657 F.2d 621 (4th Cir. 1981); *Ethnic Awareness Organization v. Gagnon*, 568 F.Supp. 1186 (E.D. Wis. 1983). Moreover, the court finds that the prosecution of separate civil actions will not create a risk of inconsistent or varying adjudications with respect to any general claims for relief. Rule 23(b)(1)(A), *Federal Rules of Civil Procedure*. Furthermore, the questions of fact common to proposed class members do not predominate over such questions affecting projected individual members. Rule 23(b)(3), *Federal Rules of Civil Procedure*; *see also England*, 516 F.Supp. 144 (denying *pro se* plaintiffs' request to certify action as a class action finding that "any declaratory relief granted ... would likely inure to the benefit of other similarly-situated individuals" even absent grant of request for class certification). Thus, the court concludes that the plaintiff's motion for class certification is due to be denied.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the plaintiff's motion to certify case as a class action be DENIED.

It is further

ORDERED that on or before February 4, 2016 the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered by the court. Failure to file written objections to

the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

    Done this 20th day of January, 2016.

                        /s/Terry F. Moorer
                        TERRY F. MOORER
                        UNITED STATES MAGISTRATE JUDGE