IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ERIC WILSON, #187180, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:15-CV-770-WKW |
| | ) | |
| JEFFERSON S. DUNN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Eric Wilson ("Wilson"), a state inmate, in which he challenges the conditions of confinement to which he is subjected at the Draper Correctional Facility.  Wilson names Jefferson S. Dunn, Commissioner of the Alabama Department of Corrections, Louis Boyd, the warden of Draper, Young Boozer, the Treasurer of the State of Alabama, the State Fire Marshall, the Public Health Department, the State Personnel Department and the Public Safety Department as defendants in this cause of action.

Upon review of the complaint, the court concludes that the claims lodged against Young Boozer, the State Fire Marshall, the Public Health Department, the State Personnel Department and the Public Safety Department are subject to dismissal prior to service of

process in accordance with the provisions of provisions of 28 U.S.C. § 1915(e)(2)(B)(i).[1]

## II. DISCUSSION

The law is well-settled that a state agency or department, as an extension of the State, is absolutely immune from suit. *Papasan v. Allain*, 478 U.S. 265 (1986) (Unless the State or its agency consents to suit, the plaintiff cannot proceed against such defendant as the action is proscribed by the Eleventh Amendment and "[t]his bar exists whether the relief sought is legal or equitable."). In addition, a department of the State is "not a 'person within the meaning of § 1983" and, therefore, is not subject to liability in a 42 U.S.C. § 1983 action. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65, 109 S.Ct. 2304, 2309 (1989). Moreover, neither the departments listed as defendants, the State Treasurer nor the State Fire Marshall are legally responsible for the conditions made the basis of the instant complaint. Consequently, the claims lodged against Young Boozer, the State Fire Marshall, the Public Health Department, the State Personnel Department and the Public Safety Department are frivolous as such claims are "based on an indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2]

---

[1] Based on funds available to Wilson and in accordance with the provisions of 28 U.S.C. § 1915(b)(1)(A), the court assessed an initial partial filing fee and collected such fee from Wilson. *Order of October 22, 2015 - Doc. No. 3*. Wilson was, however, granted leave to proceed *in forma pauperis* in all other respects. *Id*. at 3. Despite Wilson's payment of an initial partial filing fee, this court is directed to dismiss any claim prior to service of process if it determines that the claim is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[2] Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to 28 U.S.C. § 1915(e)(2), the analysis contained therein remains applicable to the present statute.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The plaintiff's claims against Young Boozer, the State Fire Marshall, the Public Health Department, the State Personnel Department and the Public Safety Department be dismissed with prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

2.  Young Boozer, the State Fire Marshall, the Public Health Department, the State Personnel Department and the Public Safety Department be dismissed as defendants in this cause of action.

3.  This case, with respect to the claims set forth against Jefferson S. Dunn and Louis Boyd, be referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that on or before February 4, 2016 the parties may file objections to the Recommendation.   A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered by the court.   Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or

3

manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

      Done this 20th day of January, 2016.


                  /s/Terry F. Moorer
                 TERRY F. MOORER
                 UNITED STATES MAGISTRATE JUDGE