IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ERIC WILSON, #187180, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 2:15-CV-770-WKW |
| JEFFERSON DUNN, et al, | ) ) ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This cause of action is pending before the court on a 42 U.S.C. § 1983 complaint filed by Eric Wilson ("Wilson"), a state inmate incarcerated at the Draper Correctional Facility ("Draper"). In the instant complaint, Wilson challenges the conditions of confinement at Draper and seeks issuance of "a preliminary injunction to impose a limit on the number[] of prisoners who could and should be housed at Draper" and requests that the court "immediately close[] [Draper] to further occupancy." *Doc. No. 1* at 5, 7.

Upon review of the motion for preliminary injunction and the special report filed on February 16, 2016 (Doc. No. 23), the court concludes that this motion is due to be denied.

**II.  STANDARD OF REVIEW**

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court...." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002).  This court may grant a preliminary injunction only if Wilson demonstrates each of the following prerequisites:  (1) a substantial likelihood of success on the merits; (2) a substantial threat irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the

requested injunctive relief may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Palmer*, 287 F.3d at 1329; *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (11th Cir. 1998); *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion"' as to the four requisites." *McDonald's*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper"). "'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.' *Northeastern Fl. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fl.*, 896 F.2d 1283, 1284 (11th Cir.1990)." *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001).

### III. DISCUSSION

In support of the special report, Patricia Hood, a warden at Draper, addresses Wilson's claims relative to issuance of a preliminary injunction as follows:

> Draper Correctional Facility was built in 1939 with a designed capacity of 600 inmates.  With modifications and double bunking, the designed capacity now is 1255.  I am not aware of any time Draper has been above the designed capacity.  It has never had more than 1400 inmates to my knowledge.
> The approved staffing level for Correctional Officers is 179.  Currently there are 98 Correctional Officers and eleven (11) part-time Officer and three (3) Trainees.
> The health Department has conducted four (4) surprise[] visits within the last six (6) months.  Draper was not cited for any safety or unsanitary conditions.
> The Pest Control services this facility once per month every month.
> The institution has maintenance issues any old building would.  However, the vast majority of our maintenance issues are as a result of inmate deliberate destruction.  Maintenance issues are corrected as soon as possible and as funds are available.  The maintenance department reports that there is no lead based paint used at this prison for any reason.  Also, the building has been tested for Asbestos and none was found.
> The medical staff has not reported any inmate or staff related illnesses due to the air, water or unsanitary conditions of the prison.

*Doc. No. 23-3* at 1-2.

Turning to the first prerequisite for issuance of preliminary injunctive relief, the court finds that Wilson has failed to demonstrate a substantial likelihood of success on the merits of his claims.  Wilson likewise fails to establish a substantial threat that he will suffer the requisite irreparable injury absent issuance of a preliminary injunction.  The third factor, balancing potential harm to the parties, weighs much more heavily in favor of the defendants as issuance of the requested injunction would interfere with the ability of correctional officials to effectively manage the daily operation of Draper.  Finally, the public interest element of the equation is, at best, a neutral factor at this juncture.  Thus, Wilson has failed to meet his burden of demonstrating the existence of each prerequisite necessary to warrant issuance of a preliminary injunction.

### IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for preliminary injunction filed by the plaintiff be DENIED.

2. This case be referred back the undersigned for additional proceedings.

It is further

ORDERED that on or before July 15, 2016 the plaintiff may file objections to the Recommendation.  The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the plaintiff to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 30th day of June, 2016.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE